STATE OF NORTH CAROLINA v. LOTHAR LYNCH
No. 687SC388

(Filed 11 December 1968)

**Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of the evidence**

Evidence of defendant's guilt of the felonies of breaking and entering an ABC store and larceny *is held* sufficient to be submitted to the jury.

APPEAL by defendant from *Parker, J.,* April 1968 Regular Session of Superior Court of EDGECOMBE County.

Defendant was charged in a bill of indictment with the felonies of breaking and entering and larceny.

Trial was by jury. The verdict was guilty as charged. From judgment imposing a prison sentence, the defendant appeals to the Court of Appeals, assigning error.

*Attorney General T. W. Bruton and Assistant Attorney General George A. Goodwyn for the State.*

*George M. Britt for the defendant appellant.*

MALLARD, C.J.

Each of defendant's assignments of error relating to the admission of evidence has been carefully examined and is found to be without merit. They require no extended discussion and are overruled.

Defendant contends that the trial court committed error in overruling his motion for judgment as of nonsuit at the close of the evidence. The defendant was charged with breaking and entering Edgecombe County A.B.C. Store #5, at Whitakers, on 30 October 1967 and stealing therefrom three cases of taxpaid whiskey of the value of $178.80. Defendant's nephew, Kenneth Lynch, an accomplice in the crime, testified as a witness for the State that the defendant ripped the back screen door out and broke in the back door of the whiskey store, and after entering the store handed him three cases of whiskey from inside the store. Kenneth testified that after receiving the whiskey from the defendant, he put it in the alley. At about that time the police came, the defendant ran "through the front door," and the police shot at him three times. The defendant offered no evidence. There was substantial direct evidence of every element of the crimes charged. The trial court did not commit error in overruling the motion for nonsuit. See 3 Strong, N. C. Index 2d, Criminal Law, § 176.

Defendant also contends that the court committed error in its charge to the jury and argues, among other things, that the general manner and tone of part of the charge "arrayed the evidence unequally against the defendant." We have carefully read the entire charge and find no prejudicial error that would entitle the defendant to a new trial.

Defendant has other assignments of error. Each has been carefully examined and no error is found therein.

We are of the opinion and so hold that the defendant has had a fair trial, free from prejudicial error.

No error.

CAMPBELL and MORRIS, JJ., concur.